**STATE of Tennessee, Appellee,**

v.

**Timmy LASTER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 5, 1987.

Russell D. Mays, Greeneville, for appellant.

W.J. Michael Cody, State Atty. Gen. and Reporter, Bettye Springfield–Carter, Asst. State Atty. Gen., Nashville, James E. Pryor, Asst. Dist. Atty. Gen., Greeneville, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of aggravated arson and sentenced to serve forty-five years in the penitentiary.

The defendant says the evidence is insufficient to sustain the verdict.

The judgment is reversed, and the case is dismissed.

The only evidence presented in this case was the evidence of the state. The record shows that on June 24, 1986, the defendant, for reasons unexplained, was placed in the drunk tank at the Greene County Jail. He

was stripped of all clothing except his underwear, and all cigarettes, matches, cigarette lighters, and any other incendiary devices were removed from him. None of these items was returned to him during the time in question.

Within fifty-nine inches of the drunk tank were six cartons of styrofoam cups, two of which had been opened. During the time the defendant was in the drunk tank trustees were allowed to walk about in the area. Their freedom of movement, however, terminated at 6:00 p.m. under the rules of the jail.

Earlier the defendant had said, according to another inmate, that he was going to "raise hell" that night.

An officer on duty during the evening of June 24 and the early morning hours of June 25 testified he made safety checks through the jail at 11:10 p.m. and at 12:30 a.m. At 12:40 a.m. the defendant asked for a cigarette but was not allowed to have one. Shortly thereafter, a fire commenced in the styrofoam cups.

There is no evidence to show what caused the fire, and the only connection with the defendant thereto is the fact he was fifty-nine inches from where the fire commenced.

If we take the evidence presented by the state as true, which we must do, this evidence shows only that a fire occurred, the defendant was within five feet of where it occurred, and he had no incendiary devices with which to set the fire. There is no evidence to show he set the fire.

To find the defendant guilty, the jury had to assume the fire commenced as a result of a criminal act and then assume the defendant was the instigator of the act. There is nothing in this record upon which to base either of these assumptions.

Applying the rule that there must be sufficient evidence upon which a rational trier of fact could find guilt beyond a reasonable doubt to sustain a criminal conviction, we are satisfied the evidence falls short in this case. We find as a matter of law that the evidence we accept as true is insufficient to sustain the verdict of the jury in this case.

WALKER, P.J., and O'BRIEN, J., concur.